**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

GREGORY T. WHITE,

    Petitioner,

v.                              Case No.   8:22-cv-2282-CEH-NHA

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.

_____/

**<u>ORDER</u>**

Petitioner, a Florida prisoner, initiated this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1).[1] Respondent filed a "corrected" response opposing the petition (Doc. 10) and exhibits (Doc. 9-1), to which Petitioner replied (Doc. 14). Upon consideration, the petition will be denied.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by Information with trafficking in amphetamine, possession of cocaine, possession of drug paraphernalia, and introduction of contraband into a county detention facility (Doc. 9-1, Ex. 2). After the trial court held an evidentiary hearing on Petitioner's motion to suppress (*id.*, Exs. 3, 4, 5), the court denied the motion (*Id.*, Ex. 6). Petitioner then pleaded no contest to the trafficking and possession of drug paraphernalia

---

[1] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

1

charges, and the State dismissed the other two charges (*Id.*, Ex. 8). However, Petitioner moved to withdraw his plea (*Id.*, Ex. 9). After holding two hearings on the motion to withdraw (*id.*, Exs. 10, 11), the trial court denied the motion (*Id.*, Ex. 11, p. 187).

The trial court sentenced Petitioner to time served on the possession of drug paraphernalia charge and to fifteen years in prison on the trafficking charge (*Id.*, Ex. 12, p. 206; Ex. 13). The convictions and sentences were affirmed on appeal (*Id.*, Ex. 20).

Petitioner filed a motion for post-conviction relief under Rule 3.850, Fla.R.Crim.P., in which he raised claims of ineffective assistance of trial counsel (*Id.*, Ex. 22). The state post-conviction court denied the Rule 3.850 motion without an evidentiary hearing (*Id.*, at Ex. 23). The denial of relief was affirmed on appeal (*Id.*, Ex. 27).

Petitioner filed a petition for writ of habeas corpus alleging ineffective assistance of appellate counsel (*Id.*, Ex. 30). The Florida Second District Court of Appeal denied the petition without a written opinion (*Id.*, Ex. 31).

Petitioner filed a second Rule 3.850 motion contending that his arrest violated the Fourth Amendment (*Id.*, Ex. 32). The motion was denied, among other reasons, as procedurally barred because the claim had to be raised in the trial court then on direct appeal, not in a Rule 3.850 motion (*Id.*, Ex. 33). The denial of relief was affirmed on appeal (*Id.*, Ex. 34).

Petitioner filed his federal petition (Doc. 1) in this Court, in which he alleges four grounds for relief:

I. The trial court erred in denying [Petitioner's] motion to suppress evidence where [Petitioner] was unlawfully detained and subjected to an illegal search;

II. Trial counsel was ineffective by his erroneous advice that the Petitioner's testimony was not necessary at the suppression hearing;

III. Trial counsel was ineffective for failing to impeach Deputy Hernandez at the suppression hearing; and

IV. The Petitioner is being detained in violation of the Fourth and Fourteenth Amendments of the United States Constitution, where he was unlawfully seized in violation of § 901.151, Florida Statutes.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

**GROUND TWO: TRIAL COUNSEL WAS INEFFECTIVE BY HIS ERRONEOUS ADVICE THAT THE PETITIONER'S TESTIMONY WAS NOT NECESSARY AT THE SUPPRESSION HEARING. (Doc. 1 at p. 8).**

Respondent correctly argues that Ground Two is unexhausted and procedurally barred from review (Doc. 10, p. 23). A petitioner must exhaust the remedies available in state court before a federal court can grant relief on federal habeas. 28 U.S.C. § 2254(b)(1)(A). The petitioner must (1) alert the state court to the federal nature of his claim and (2) give the state court one full opportunity to resolve the federal claim by invoking one complete round of the state's established appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *Picard v. Connor*, 404 U.S. 270, 278 (1971). The state court must have the first opportunity to review and correct any alleged violation of a federal right. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

3

A federal court may stay — or dismiss without prejudice — a habeas case to allow a petitioner to return to state court to exhaust a claim. *Rhines v. Weber*, 544 U.S. 269 (2005); *Rose v. Lundy*, 455 U.S. 509 (1982). If the state court would deny the claim on state procedural grounds, the federal court instead denies the claim as procedurally barred. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). A petitioner may excuse a procedural default on federal habeas review by (1) showing cause for the default and actual prejudice from the alleged violation of federal law or (2) demonstrating a miscarriage of justice. *Maples v. Thomas*, 565 U.S. 266, 280 (2012); *House v. Bell*, 547 U.S. 518, 536–37 (2006).

In Ground Two, Petitioner contends that trial counsel was ineffective in advising that he didn't need to testify during the hearing on the motion to suppress (Doc. 1, p. 7). Petitioner raised this claim in his initial Rule 3.850 motion for post-conviction relief (Doc. 9-1, Ex. 22, pp. 269-74) but did not raise it in his brief on appeal (*Id.*, Ex. 26). Because Petitioner abandoned the claim, the state court did not have a full opportunity to resolve the claim. *Boerckel*, 526 U.S. at 845; *Prince v. State*, 40 So. 3d 11, 13 (Fla. 4th DCA 2010) ("In appeals from the summary denial of Rule 3.850 motions, the rules do not require briefs. When the pro se [postconviction] appellant opts to file a brief, we believe that, as in all appeals, the burden rests on the appellant to demonstrate reversible error. An appellant who presents no argument as to why a trial court's ruling is incorrect on an issue has abandoned the issue— essentially conceding that denial was correct."); *Maxwell v. State*, 169 So. 3d 1264, 1265 n.1 (Fla. 5th DCA 2015) (in a post-conviction appeal where the post-conviction court summarily

denied relief without an evidentiary hearing, the defendant abandoned two of his three grounds by failing to raise them in his appellate brief); *Ortiz v. Sec'y, Fla. Dep't of Corr.*, 2017 WL 3380604, at *4 (11th Cir. Jan. 20, 2017) ("Even though Florida law does not require the filing of a brief when a petitioner appeals the denial of claims in a Rule 3.850 motion, if the petitioner does file a brief, he abandons those claims not raised in his brief." (citing *Prince*, 40 So. 3d at 13)). If Petitioner returns to state court to attempt to exhaust the claim, the state court will dismiss the claim as untimely and successive. Consequently, Ground Two is procedurally barred. Fla.R.Crim.P. 3.850(b), (h); *Snowden*, 135 F.3d at 736.

Petitioner concedes that Ground Two is procedurally barred (Doc. 14, p. 6). But he contends that failure to review the claim would result in a miscarriage of justice because his constitutional right to testify was violated (*Id.*, pp. 6-8). A petitioner may obtain federal habeas review of a procedurally defaulted claim if review is necessary to correct a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986). A fundamental miscarriage of justice occurs only if a constitutional violation has probably resulted in the conviction of someone who is "actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327 (1995); *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). To meet the "fundamental miscarriage of justice" exception, Petitioner must show constitutional error coupled with "new reliable evidence — whether . . . exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence — that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner cannot meet the "fundamental miscarriage of justice" exception because he presents no "new reliable evidence" that he is actually innocent. *Schlup*, 513 U.S. at 327. Accordingly, Ground Two is denied as procedurally barred from review.

## III. GOVERNING LEGAL PRINCIPLES

Because Petitioner filed his petition after April 24, 1996, this case is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003). The AEDPA "establishes a more deferential standard of review of state habeas judgments," *Fugate v. Head*, 261 F.3d 1206, 1215 (11th Cir. 2001), in order to "prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002); *see also Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (recognizing that the federal habeas court's evaluation of state-court rulings is highly deferential and that state-court decisions must be given the benefit of the doubt).

A. Standard of Review Under the AEDPA

Under the AEDPA, habeas relief may not be granted regarding a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

If the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

B. Ineffective Assistance of Counsel

Petitioner alleges ineffective assistance of trial counsel. Ineffective-assistance-of-counsel claims are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires showing deficient performance by counsel and resulting prejudice. *Id*. at 687. Deficient performance is established if, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id*. at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*.

Petitioner must show that counsel's alleged error prejudiced the defense, because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. To demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694.

8

## IV. ANALYSIS

**GROUND ONE: THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE WHERE APPELLANT (PETITIONER) WAS UNLAWFULLY DETAINED AND SUBJECTED TO AN ILLEGAL SEARCH. (Doc. 1 at p. 6)**

**GROUND FOUR: THE PETITIONER IS BEING DETAINED IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS OF THE UNITED STATES CONSTITUTION WHERE HE WAS UNLAWFULLY SEIZED IN VIOLATION OF § 901.151, FLORIDA STATUTES (Doc. 1 at p. 11)**

In Ground One, Petitioner contends that the trial court erred in denying his motion to suppress evidence obtained by law enforcement officers during an illegal search. In Ground Four, Petitioner argues that he was unconstitutionally detained—in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Section 901.151, Florida Statutes—after law enforcement was informed that the vehicle in which he was riding was not reported stolen and there were no warrants for Petitioner's arrest.

Initially, Petitioner is not entitled to relief on his claim that his detention violated Section 901.151, Florida Statutes, because it raises a matter of state law. "[S]tate courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters." *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005). Thus, "a habeas petition grounded on issues of state law provides no basis for habeas relief." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Next, Petitioner's claim that his detention violated his right to due process under the Fourteenth Amendment warrants no relief because the claim must be analyzed under the Fourth Amendment. *See United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997) (citing *Graham*

9

*v. Connor*, 490 U.S. 386, 394 (1989)) ("[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."); *Albright v. Oliver*, 510 U.S. 266, 281 (1994) ("[A]n allegation of arrest without probable cause must be analyzed under the Fourth Amendment without reference to more general considerations of due process." (Kennedy, J., concurring in the judgment)).

Finally, Petitioner's claims under the Fourth Amendment warrant no relief. "[W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone v. Powell*, 428 U.S. 465, 494 (1976) (footnotes omitted). Therefore, to obtain federal habeas review of a Fourth Amendment claim, a petitioner must demonstrate that he "was denied an opportunity for a full and fair litigation of that claim at trial and on direct review." *Id*. at 494, n.37. The phrase "'opportunity for full and fair litigation' means just that: an opportunity." *Lawhorn v. Allen*, 519 F.3d 1272, 1287 (11th Cir. 2008) (quoting *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)).

"[F]ull and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court." *Mincey v. Head*, 206 F.3d 1106, 1126 (11th Cir. 2000) (quoting *Tukes v. Dugger*, 911 F.2d 508, 513-14 (11th Cir. 1990)). But if the state court fails to make "essential findings of fact," then the defendant

10

has not been afforded a "full and fair opportunity to litigate the validity of a search under the Fourth Amendment," and the federal courts cannot apply the *Stone* preclusion. *See Hearn v. Florida*, 326 F. App'x 519, 522 (11th Cir. 2009) (citing *Tukes*, 911 F.2d at 513-14).

Petitioner received an opportunity for full and fair litigation of his Fourth Amendment claims. The trial court held an evidentiary hearing, at which five law enforcement officers testified and were available for cross-examination, and the parties gave closing arguments (Doc. 9-1, Ex. 5). In its order denying Petitioner's motion to suppress, the state trial court made findings of fact essential to the Fourth Amendment issues (*Id.*, Ex. 6). It applied the law to these factual findings and determined that Petitioner's detention and the search were valid (*Id.*).[2] And Petitioner cannot show that the state appellate court failed to afford "full consideration" to his claims. The issues were raised in Petitioner's Initial Brief (*id.*, Ex. 18), and there is no indication that Petitioner was limited in his presentation of the claims. The state appellate court's silent affirmance (*id.*, Ex. 20) is presumed to be a determination on the merits. *See Harrington v. Richter*, 562 U.S. 86, 99 (2011) (concluding that when "a federal claim

---

[2] In his reply, Petitioner argues that he did not have a full and fair opportunity to litigate his Fourth Amendment claim because the State withheld a "police CAD report/Call for Service Log" (report) that Petitioner could have presented during the suppression hearing and would have "help[ed] Petitioner illuminate for the Court that his continued detention was unlawful and unreasonably prolonged for the K-9 to arrive and conduct a drug sniff." (Doc. 14 at 2). But Petitioner states that both he and his attorney knew about the report before the suppression hearing (*Id.*). Thus, he and his attorney had the opportunity to request the report and notify the trial court of it before the suppression hearing, but they failed to do so. The Eleventh Circuit has "construed *Stone v. Powell* to bar consideration of a Fourth Amendment claim if the state has provided an opportunity for full and fair litigation of the claim 'whether or not the defendant employs those processes.'" *Huynh v. King*, 95 F.3d 1052, 1058 (11th Cir. 1996) (citing *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978)) (footnote omitted). Finally, Petitioner fails to show how the report could have changed the outcome of the motion to suppress (*See* Doc. 14; Doc. 14-1, pp. 8-10).

has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). Accordingly, the *Stone* preclusion applies, and Petitioner's Fourth Amendment claims are barred from federal habeas review. Grounds One and Four, therefore, warrant no relief.

**GROUND THREE: TRIAL COUNSEL WAS INEFFECTIVE FOR FAILING TO IMPEACH DEPUTY HERNANDEZ AT THE SUPPRESSION HEARING. (Doc. 1 at p. 9).**

Petitioner contends that counsel was ineffective during the hearing on the motion to suppress in failing to impeach Deputy Hernandez with a prior inconsistent statement. In his petition, Petitioner neither identifies the prior statement nor explains how it was inconsistent with Deputy Hernandez's testimony during the suppression hearing (*See* Doc. 1, p. 9). In his reply, Petitioner clarifies that counsel failed to impeach "Deputy Hernandez with prior inconsistent statements from her police report . . . ." (Doc. 14, p. 8). But again, Petitioner neither identifies the specific statements nor explains why they are inconsistent with Deputy Hernandez's testimony at the suppression hearing (*Id.*, pp. 8-9).

A habeas petitioner must meet the "heightened pleading requirements [of] 28 U.S.C. § 2254 Rule 2(c)." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). For each claim a petitioner raises in his petition, he must include sufficient supporting facts to support relief. *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (Section 2254 requires "fact pleading," and not merely "notice pleading"). A "general reference to the transcripts, case records and brief on appeal patently fails to comply with Rule 2(c)." *Adams v. Armontrout*, 897 F.2d 332, 333 (8th

Cir. 1990)). Ground Three fails to allege facts that show Petitioner is entitled to habeas corpus relief. Thus, for this reason alone, Ground Three warrants no relief.

Even assuming this claim is the same claim presented in Ground Three of Petitioner's Rule 3.850 motion (Doc. 9-1, Ex. 22, pp. 281-84), the claim lacks merit. In summarily denying the claim, the state post-conviction court stated:

> 31. Defendant's third argument is that counsel unreasonably failed to "impeach" Corporal Hernandez by using a statement found in her police report. The logic behind this argument is a bit elusive. At the bottom of page 16 of the motion Defendant quotes from Hernandez's police report. More specifically, the report states that dispatch had informed her that the Honda was registered to Stephanie Austin and Thomas Dolan of Arcadia, and that the vehicle "was clear of any wants" [sic]. Hernandez further wrote that she then requested assistance from the drug task force. Then, on page 17, Defendant cites those portions of Hernandez's hearing testimony that he considers contradictory. These excerpts may be summarized as follows:
>
> (a) The tag on the Honda did not match that vehicle;
>
> (b) The interior of the vehicle was "dismantled";
>
> (c) Neither occupant could provide proof of ownership;
>
> (d) Hernandez's inquiry into the vehicle's ownership was still ongoing when the vehicle was searched for drugs;
>
> (e) The dispatcher had advised the owner's name was "Dolan" but Hernandez didn't hear it correctly and apparently thought the dispatcher had said "stolen."
>
> 32. Meaningful contradictions between this testimony and the police report elude this reader. It is true, as noted above, that there was a discrepancy over exactly what happened when, but this obviously did not affect the presiding judge's opinion of the witness's credibility. Apart from that, the only clearly discernible omission is the name of Stephanie Austin, which appears in the report but not in the witness's hearing testimony. How this suggested impeachment would have changed the outcome of the suppression hearing is

13

anyone's guess - neither Defendant nor the driver of the car was named Stephanie Austin. To dispel any suggestion that this portion of the motion is viable, we must again review what was actually testified to: (a) The tag did not match the car, and portions of the car, albeit nothing that affected its operability, were missing; (b)The driver admitted switching the tag; (c) Neither party could present proof of ownership nor even a plausible or consistent account of how the car had been acquired; and (d) A third party, who indicated he could establish ownership, delayed in returning to the scene. Further, logic tells us that a recently stolen car might not have been reported to law enforcement *because the owner was not yet aware it was missing*. No purpose would be served by permitting Defendant to amend Ground Three pursuant to *Spera v. State, supra*. The flaw in this portion of the motion lies, not with his inability to plead facts, but his logic.

(Doc. 9-1, Ex. 23, pp. 313-14) (emphasis in original). The appellate court affirmed the denial

of the Rule 3.850 motion without a written opinion (*Id*., Ex. 27).

The state post-conviction court's denial of this claim was reasonable. In Petitioner's

Rule 3.850 motion, he contended that Deputy Hernandez's testimony was inconsistent with

her police report because when testifying "she made no mention of the fact that the vehicle

was registered to Stephanie Austin and Thomas Dolan or that dispatch advised that the

vehicle was cleared of ant (sic) warrants." (Doc. 9-1, Ex. 22, pp. 281-82). But Deputy

Hernandez did testify that dispatch informed her that the vehicle was registered to Dolan and

that "the vehicle was clear of any wants (sic)" and "had not been reported stolen." (*Id*., Ex.

5, pp. 18, 45). Because this testimony was consistent with Deputy Hernandez's prior

statements in her police report, counsel was not ineffective for failing to impeach her with the

prior statements. *See, e.g., Rivera v. McNeil*, 2009 WL 4277235, at *11 (S.D. Fla. Nov. 30,

2009) ("Counsel [was] not ineffective for failing to impeach [a prosecution witness] with a

prior inconsistent statement because [his] trial testimony and the 911 tape are consistent.").

14

To the extent Deputy Hernandez never mentioned during her testimony the name of Stephanie Austin as the other registered owner of the vehicle in which Petitioner was a passenger, the state post-conviction court correctly questioned how counsel's failure to impeach Deputy Hernandez with that omission would have changed the outcome of the suppression hearing (Doc. 9-1, Ex. 23, p. 314). That information was more harmful than helpful to Petitioner, as it gave Deputy Hernandez greater cause to believe the vehicle may have been stolen. Stephanie Austin was not with the vehicle, and the driver admitted she took a license plate from another vehicle and placed it on the vehicle she was driving. Thus, the failure to impeach Deputy Hernandez on this issue did not prejudice Petitioner. *See Bradley v. Sec'y, Fla. Dep't of Corr.*, 2018 WL 3238836, at *9 (11th Cir. Apr. 2, 2018) ("The fact that trial counsel may not have highlighted every inconsistent minor detail in the victim's testimony did not [lead to] a reasonable probability of changing the trial's outcome.").

Petitioner shows neither that the state court's rejection of this ineffective-assistance claim was contrary to *Strickland* nor that it was based on an unreasonable factual determination. Thus, he is not entitled to relief on Ground Three.

Accordingly:

1. The Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk of the Court is directed to enter judgment against Petitioner and close this case.

2. This Court should grant an application for a Certificate of Appealability (COA) only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2). Petitioner cannot make this showing. Accordingly, a COA is **DENIED**. And

because Petitioner is not entitled to a COA, he may not proceed on appeal *in forma pauperis*.

      **ORDERED** in Tampa, Florida on March 3, 2026.


Charlene Edwards Honeywell
United States District Judge


Copies to: Petitioner, *pro se*
               Counsel of Record